IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER BROWN, § | |
| #3041-22, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:23-CV-97-N-BK |
| § | |
| ELLIS COUNTY DISTRICT COURT, § | |
| DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Christopher Brown's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim

## I. BACKGROUND

This case arises out of Brown's pending state prosecution for failing to register as a sex offender in the 443rd Judicial District Court of Ellis County, Case No. 49090CR.[1] Brown, a pretrial detainee in the Wayne McCollum Detention Center, is represented by court-appointed counsel in the state criminal case and is awaiting trial. Doc. 3 at 4. On January 13, 2023, Brown filed the instant prisoner civil rights complaint against the Ellis County District Court,

---

[1] The docket sheet is available at https://public.lgsonlinesolutions.com/ors.html (login as guest and select Ellis District Clerk) (last accessed on Jan. 17, 2023).

complaining of speedy trial violations. Doc. 3 at 1, 4. He states that he was arrested on September 1, 2022, and has been incarcerated for nearly four months. Doc. 3 at 4. When Brown asked his counsel for a speedy trial, counsel allegedly told him, "no they don't do that here." Doc. 3 at 4. Brown thus requests $150,000 for lost wages and pain and suffering resulting from his pretrial confinement. *Id.*

Upon review of the complaint, the Court concludes that Brown's claim lacks legal basis. Thus, this action should be dismissed as frivolous and for failure to state a claim

## II. ANALYSIS

As an initial matter, the *Younger* abstention doctrine is not applicable to a claim for damages, such as in this case. *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam) (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (per curiam)). However, "[e]ven if *Younger* applies, the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Boyd*, 575 F. App'x at 519 (citation omitted); *see also Lewis*, 20 F.3d at 125 (affirming stay of "claims for monetary relief that cannot be redressed in the [pending] state proceeding"). That notwithstanding, "a stay is not required where . . . the claim for damages is frivolous under 28 U.S.C. § 1915." *Id.* at 519-20.

The claim here, for which Brown seeks monetary damages, is subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks

an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Brown's complaint is frivolous and fails to state a claim.

Again, Brown seeks money damages against the Ellis County District Court for speedy trial violations. It is not clear who he is suing, however. Nonetheless, whether his intent is to sue the State of Texas or its entity, the trial judge, or the court clerk, his claims fail as a matter of law as each is entitled to either sovereign or absolute immunity.

Eleventh Amendment immunity bars suit against a state or state entity, whether or not money damages or injunctive relief is sought. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989) (States are not persons subject to suit under section 1983 because of the Eleventh Amendment). Therefore, Brown cannot sue the State of Texas or the state district court for monetary damages or injunctive relief under § 1983 for alleged violations of his right to a speedy trial. Additionally, any complaint of the trial judge's actions in allegedly failing to enforce Brown's right to a speedy trial fall short because such actions were performed in the trial judge's judicial capacity and function. *Stump v. Sparkman*, 435 U.S. 349, 361-62 (1978). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts

3

performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Likewise, court clerks "'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. June 1981)). This quasi-judicial immunity extends to clerks of court who act under the directives and orders of the court. *See Small v. Dallas Cnty.*, 170 F. App'x 943, 944 (5th Cir. 2006) (per curiam). Brown does not complain of any action by the clerk of court that is "nonjudicial in nature."

Accordingly, Brown has failed to state a plausible claim against the State of Texas, the Ellis County District Court, the trial judge, or the court clerk.

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed above Brown's apparent claims are fatally infirm. Based on the most deferential review of his complaint, it is doubtful that, given the opportunity, he could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## IV. CONCLUSION

For all these reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on January 19, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).